# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| MARILYN P., | ) |
| | ) |
| Plaintiff, | ) |
| | ) Case No. 17-CV-635-JFJ |
| v. | ) |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

## OPINION AND ORDER

Plaintiff Marilyn P. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claims for disability insurance benefits under Titles II and XVI of the Social Security Act 9 ("Act"), 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge.

For reasons explained below, the Court reverses the Commissioner's decision denying benefits and remands for further proceedings. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

## I. Standard of Review

In reviewing a decision of the Commissioner, the Court is limited to determining whether the Commissioner applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). "Substantial evidence is more than a mere scintilla and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Id.* (citing *Glass v. Shalala*, 43 F.3d 1392, 1395 (10th Cir. 1994)). A decision "is not based on substantial evidence if it is overwhelmed by other

evidence in the record or if there is a mere scintilla of evidence supporting it." *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004) (quotations omitted). The Court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan*, 399 F.3d at 1261 (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). The Court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if the Court might have reached a different conclusion, the Commissioner's decision stands so long as it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

## II. Procedural History and the ALJ's Decision

Plaintiff, then a 52-year-old female, applied for Title II benefits on August 26, 2014, and applied for Title XVI benefits on November 4, 2015, alleging a disability onset date in both applications of April 16, 2014. R. 280. Plaintiff claimed that she was unable to work due to disorders including a heart attack, neck problems, and back disc problems. R. 471. Plaintiff's claims for benefits were denied initially on May 27, 2015, and on reconsideration on September 25, 2015. R. 358-362; 364-366. Plaintiff then requested a hearing before an Administrative Law Judge ("ALJ"), and the ALJ conducted the hearing on August 16, 2016. R. 280, 298-325. The ALJ issued a decision on November 10, 2016, denying benefits and finding Plaintiff not disabled because she was able to perform her past relevant work. R. 280-291. The Appeals Council denied review, and Plaintiff appealed. R. 1-6; ECF No. 2.

The ALJ found that Plaintiff met the insured status requirements of the Act through December 31, 2017, and that she had not engaged in substantial gainful activity since her alleged onset date of April 16, 2014. R. 282. The ALJ found that Plaintiff had the following severe

impairments: cerebrovascular accident/myocardial infarction with three stents; degenerative disc disease; asthma; obesity; general anxiety disorder; and major depressive disorder. *Id.* At step three, the ALJ found that Plaintiff did not have an impairment or combination of impairments of such severity to result in listing-level impairments. R. 283-284.

The ALJ summarized Plaintiff's testimony as follows: Plaintiff said she cannot work due to problems stemming from a heart attack, neck problems, and back disc problems. These problems combined with medication side effects interfere with her ability to stand, walk, sit, lift, perform postural movements, concentrate, and complete tasks. She experiences occasional chest pains, angina, shortness of breath, and fatigue from her heart condition. Plaintiff stated that she has asthma and treats it with a nebulizer, but that exercise, anxiety, and exposure to environmental irritants exacerbates her condition. She uses a cane when walking, can lift four pounds, walk approximately five minutes with her cane, sit for ten minutes, and stand for ten minutes. Plaintiff said pain interferes with her sleep, requires her to lie down sixty percent of the day, and interferes with her ability to concentrate. R. 285-286, 302-321.

With respect to the objective medical evidence, the ALJ first summarized Plaintiff's hospitalizations in April and September of 2014. On both occasions, Plaintiff reported chest pains and underwent heart catheterizations and the placement of stents. The ALJ further discussed emergency room records dated June 16, 2015, which revealed Plaintiff presented with complaints of retrosternal tightness with nausea, sweating, and shortness of breath without palpitations, dizziness, or weakness. *Id.* Nitroglycerin tablets and a dose of Ativan completely relieved Plaintiff's symptoms, and an EKG showed normal sinus rhythm. *Id.* The ALJ noted that the remainder of Plaintiff's cardiology examinations showed "benign results." *Id.* The ALJ also discussed Plaintiff's reports of chronic back pain, in the spring of 2016, to Plaintiff's treating

physician Martin Cooper, M.D. Dr. Cooper examined Plaintiff and found trace edema, and decreased range of motion in her lumbar spine with pain. R. 287, 944, 947.

With respect to the medical opinion evidence, the ALJ gave great weight "with one exception" to the opinion of Plaintiff's cardiologist, Anthony Haney, M.D. R. 287-288, *see* 923-925.[1] The ALJ gave little weight to Dr. Cooper's opinion, which imposed more severe physical and mental limitations than Dr. Haney's, explaining it was inconsistent with Dr. Haney's opinion, and that Dr. Haney's was "more consistent with the medical record." R. 288. The ALJ assigned no weight to the opinion of Plaintiff's chiropractor, Colin Quigley, D.C., because it was inconsistent with the record and Dr. Haney's opinion. *Id.* The ALJ also gave great weight to the opinion of consultative examiner David Wiegman, M.D., who found mostly normal range of motion with "slightly decreased flexion, extension and rotation of [Plaintiff's] cervical spine." *Id.* The ALJ contrasted Dr. Wiegman's opinion with others finding a need for substantial time off task and listed Dr. Wiegman's opinion as further evidence to discount the opinions of Dr. Cooper and Mr. Quigley. *Id.* The ALJ also afforded great weight to the state agency medical consultant opinions, who made similar findings to Dr. Haney. R. 289. The ALJ noted that later developed evidence, including Dr. Haney's opinion, allowed the ALJ to "expand upon [the agency doctors'] opinion[s] to reference the claimant's requirement to use a cane and the limitation to occasional postural movements." *Id.* Finally, the ALJ gave little weight to the state agency psychological consultants' non-severe mental findings, because they did not "have the benefit of new and material evidence or personal examination" of Plaintiff. *Id.*

The ALJ concluded that Plaintiff has the RFC to perform a reduced range of light work as follows:

---

[1] This opinion is explained in more detail below in the Court's analysis.

> No lifting or carrying more than 20 pounds occasionally and 10 pounds frequently; stand and walk for up to six hours and sit for up to six hours in an eight-hour work day; occasionally climb ramps and stairs but never ladders, ropes, and scaffolds; occasionally balance, stoop, crouch, kneel and crawl; she can perform simple and detailed tasks; no exposure to more than a normal level of gases, fumes, dusts, noxious odors, poor ventilation, or pulmonary irritants when normal is defined as a setting found in a typical office or commercial building; she requires a cane when ambulating.

R. 285. The ALJ found that Plaintiff has past relevant work as an administrative clerk (light exertion; semi-skilled; SVP 4; DOT 219.362-010). R. 290. Based on the testimony of a vocational expert ("VE"), the ALJ found at step four that Plaintiff could perform her past relevant work as an administrative clerk as generally performed and as she actually performed it. *Id.* The ALJ made no alternative step five findings. Accordingly, the ALJ concluded Plaintiff was not disabled at any time from April 16, 2014, the alleged onset date, through the date of his decision. R. 290-291.

### III. Issues and Analysis

Plaintiff raises two points of error on appeal: (1) the ALJ "erred by failing to include any mental limitations in the RFC after finding [Plaintiff] to suffer severe mental impairments;" and (2) the ALJ "erred by failing to include all of the limitations from an opinion the ALJ found to deserve great weight." ECF No. 23 at 7. The Court reverses based on the second allegation of error and does not reach the first allegation of error.

#### A. Relevant Law

While an ALJ is not required to discuss every piece of evidence in the record, he "must discuss the uncontroverted evidence he chooses not to rely upon, as well as significantly probative evidence he rejects." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir.1996). Based on this general principle, the Tenth Circuit has held that an ALJ's failure to explain the reasons for accepting certain restrictions or limitations in a medical opinion regarding the claimant's RFC, while rejecting others, constitutes error. *Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007)

5

(holding that ALJ "should have explained why he rejected four of the moderate restrictions on [treating doctor's] RFC assessment while appearing to adopt the others"); *see also Chapo v. Astrue*, 682 F.3d 1285, 1291–92 (10th Cir. 2012) (explaining that ALJ's acceptance of one and rejection of other restrictions in medical opinion "with no explanation at all as to why one part of his opinion was creditable and the rest was not" is "error under this circuit's case law"). Courts have frequently remanded where an ALJ affords "great weight" to a medical opinion and adopts some restrictions from that opinion, but then excludes other restrictions from the same opinion without explanation. *See, e.g., Sitton v. Berryhill*, No. 16-CV-601-PJC, 2018 WL 534160, at *3 (N.D. Okla. Jan. 24, 2018) (holding that ALJ "committed reversible error when he seemingly accepted [doctor's] opinions about Plaintiff's ability to work, but failed to include [same doctor's] restrictions in the RFC without providing any explanation for the omission"); *Wynn v. Colvin*, No. 14-CV-0436-CVE-TLW, 2015 WL 6690243, at *13 (N.D. Okla. Nov. 2, 2015) ("Although the ALJ gave 'great weight' to [doctor's] opinion, he provided no explanation in his decision for not including in his RFC determination, the moderate limitation [same doctor] had assessed in plaintiff's ability to deal with normal work stress.").

    **B.**    **ALJ's Failure to Explain Omission of "Shift Position" Limitation from RFC**

In November 2015, Dr. Haney completed a medical source statement addressing Plaintiff's physical limitations that existed as of November 23, 2015, the date of Plaintiff's last visit to Dr. Haney in the record. R. 923-925. In this assessment, Dr. Haney opined that Plaintiff would need to elevate both legs above her heart for twenty-five percent of an eight-hour day to minimize pain ("elevation limitation"); would be "off task" five percent of an eight-hour day ("off task limitation"); had no restriction on sitting or standing from a cardiac standpoint, but would need to

6

shift positions at will from sitting, standing, or walking ("shift position limitation");[2] would not need additional breaks than those normally provided; could lift and carry up to ten pounds frequently and twenty pounds occasionally; could occasionally twist, stoop, balance, crouch, crawl, and climb; and had no limitations on her ability to reach, handle, and finger with each of her upper extremities. R. 923-925. Dr. Haney noted that his assessment was premised upon findings during normal cardiac examinations. R. 923.

In his decision, the ALJ gave Dr. Haney's opinion "great weight with one exception":

> As for the opinion evidence, the undersigned gives great weight with one exception to the opinion of Anthony Haney, M.D. Dr. Haney opined that the claimant can lift and carry up to 20 pounds occasionally and 10 pounds frequently; occasionally perform postural movements; requires the use of a cane to prevent imbalance; would be off task five percent of the day; capable of moderate/normal stress work; would miss or leave work early one day per month; and must elevate her legs above her heart for 25 percent of an eight-hour workday (Ex 16F). Dr. Haney is a specialist in cardiology and has an extensive treating relationship with the claimant. *While the medical record supports the postural and exertional limitations contained in Dr. Haney's opinion*, it does not document edema to the degree alleged nor to the point that would support the requirement that she elevate her legs (See Ex. 19F/21). As such, the undersigned gives Dr. Haney's opinion great weight except for the portion regarding elevating the legs.

R. 287 (emphasis added). Thus, the ALJ purported to accept and give great weight to all aspects of Dr. Haney's opinion, except the elevation limitation. Yet in his RFC, the ALJ did not include a shift position limitation, or any language that permits Plaintiff to stand, sit, or walk at will as needed during a workday. Instead, the RFC, and corresponding hypothetical statements to the VE, provide that Plaintiff could stand and walk for up to six hours and sit for up to six hours in an eight-hour work day, with no mention of the need to shift positions at will. The ALJ did not provide any explanation for this discrepancy.

---

[2] Dr. Haney's assessment provides: "Shift Positions – Does your patient need to shift positions at will from sitting, standing, or walking? Yes." R. 924.

7

The ALJ's reasoning for exclusion of the shift position limitation is not clear and results in error. The ALJ gave great weight to Dr. Haney's opinion regarding Plaintiff's ability to work and her work restrictions; accepted the vast majority of Dr. Haney's restrictions; expressly stated that medical records supported postural and exertional limitations in Dr. Haney's opinion; used Dr. Haney's opinion to discount other treating physicians' greater work limitations; but then omitted the shift position limitation from the RFC without explanation. While the Commissioner is correct that an ALJ may resolve conflicts in the record, the ALJ did not identify any conflict and stated that he accepted all but one aspect of Dr. Haney's opinions. In these circumstances, the ALJ is required to further explain why he excluded the shift position limitation from the RFC. *See Cheeks v. Colvin*, No. 15-CV-145-PJC, 2016 WL 4154440, at *5 (N.D. Okla. Aug. 5, 2016) (remanding where "ALJ did not identify any conflict" but in fact found medical opinion containing the omitted limitation to be "consistent with the evidence of record"); *see generally Haga*, 482 F.3d at 1208 (reversing where ALJ did not expressly state or imply any explanation for omission of certain restrictions, where ALJ accepted other restrictions from same medical opinion). Contrary to the Commissioner's argument, the ALJ did not provide "good reasons" for omitting the shift position limitation. *See* ECF No. 25 at 6. In fact, the ALJ's discussion reveals that he did not explain this exclusion in any manner and appeared to adopt the whole of Dr. Haney's opinion save the elevation limitation. It therefore "remains unexplained why the ALJ adopted some of [Dr. Haney's] restrictions but not others." *See Haga*, 482 F.3d at 1208.

The Commissioner attempts to offer justifications from the record supporting exclusion of the shift position limitation, including that Dr. Haney is not an orthopedic specialist and that other doctors made findings of "primarily normal spinal ranges of motion and a normal gait" and a "finding of the absence of back tenderness." ECF No. 25 at 7 (citing records of Dr. Wiegman and

Dr. Cooper). These constitute post-hoc rationales and justifications that are not clear from the ALJ's decision. Further, the ALJ pointed to Dr. Haney's opinion to discredit Plaintiff's other treating physicians, including Dr. Cooper, and to bolster the opinions of the agency physicians. *See* R. 288-289. The explanations offered by the Commissioner not only are post-hoc justifications but also are arguably contrary to the ALJ's stated level of acceptance and overall treatment of Dr. Haney's opinion. Therefore, the Commissioner's arguments in support of omission of the shift position limitation must fail. *See Haga*, 482 F.3d at 1207 (rejecting government's attempt to "supply some reasons that it believes would support" the ALJ's omission of restrictions, where others restrictions from the same medical opinion were accepted).

Finally, as Plaintiff points out, the ALJ's error is not harmless. Harmless error doctrine applies only in the "exceptional circumstance" where the court could confidently say that no reasonable administrative factfinder could have resolved the factual matter in any other way. *Allen v. Barnhart*, 357 F.3d 1140, 1145 (10th Cir. 2004). To the extent any harmless-error determination "rests on legal or evidentiary matters not considered by the ALJ, it risks violating the general rule against post hoc justification of administrative action." *Id.* Here, Dr. Haney's opinion reflects a shift position limitation beyond that contained in the RFC. If the ALJ were to include such limitation, Plaintiff's past relevant work of Administrative Clerk relied upon by the ALJ at step four would likely be precluded. The job of Administrative Clerk, according to the DOT, requires frequent sitting. *See* DOT 219.362-010, Administrative Clerk. This is at least arguably contrary to Dr. Haney's opinion that Plaintiff would need to alternate her postural position at will.

**IV. Conclusion**

For the foregoing reasons, the ALJ's decision finding Plaintiff not disabled is **REVERSED and REMANDED** for proceedings consistent with this Opinion and Order and so that the ALJ can explain the evidentiary support for his RFC determination.[3]

SO ORDERED this 28th day of March, 2019.

JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[3] In the second allegation of error, Plaintiff focuses on the ALJ's omission of the shift position limitation; that unexplained omission is the precise ground for reversal. On remand, the ALJ may also explain whether Dr. Haney's off task limitation is incorporated into and consistent with the RFC and, if not, provide an explanation for omission of this limitation.